United States District Court
Middle District of Florida
Jacksonville Division

**OPEN SEA DISTRIBUTION CORP.
& PRO DESIGN PLUS SAS,**

 *Plaintiffs,*

v.               NO. 3:20-cv-1440-TJC-PDB

**ARTEMIS DISTRIBUTION, LLC, ETC.,**

 *Defendants,*

---

**ARTEMIS DISTRIBUTION, LLC,**

 *Counterclaimant,*

v.

**OPEN SEA DISTRIBUTION CORP., &
PRO DESIGN PLUS SAS,**

 *Counter-defendants, &*

**NEIL PORRAS,**

 *Third-party defendant.*

---

# Order

 Artemis Distribution, LLC, moves to strike from the amended complaint (Doc. 46) a new party and a new count and to strike the second amended complaint (Doc. 49) in its entirety. Doc. 56. Open Sea Distribution Corporation and Pro Design Plus SAS oppose the motion. Doc. 62.

At the hearing on June 7, 2021, the Court established June 28, 2021, as the deadline for Open Sea and Pro Design to file an amended complaint. Doc. 43 at 35; *see also* Doc. 45 (corresponding order). The Court gave them an opportunity to amend their complaint to allege facts establishing jurisdiction over Simon Mansell and to allege facts making plausible his individual liability. Doc. 43 at 31–32. The Court added:

> I know when I was a lawyer, anybody who has an opportunity to redo their complaint after having that complaint discussed in court, and with the opposing side, there may be things that you see that you want to do differently, and that will be fine too. I want to give you the chance in re-pleading to—to address any other deficiencies that you think may be in the complaint.

Doc. 43 at 32. Separately, in the case management and scheduling order, the Court established July 1, 2021, as the deadline to move to join a party or amend the pleadings. Doc. 33.

Open Sea and Pro Design filed the amended complaint on the June 28 deadline. Doc. 46. They added a defendant (Lumiere SRL) and a claim for relief (a claim under the Florida Deceptive and Unfair Trade Practices Act). *Compare* Doc. 1 at 2–14, *with* Doc. 46 at 10–20. Without leave and without conferring with the opposing side, they filed the second amended complaint on July 7, 2021 (after the deadline to join a party or amend the pleadings). Doc. 49. Open Sea added another defendant (Kate Lavender) and two more claims for relief (claims against Lavender for slander and business disparagement). *Compare* Doc. 46 at 10–20, *with* Doc. 49 at 11–23.

In response to the current motion, Open Sea and Pro Design explain that they interpreted the Court's June 7 statements to mean they could expand their pleading. Doc. 62 at 2. And they apologize for failing to obtain leave or confer before filing the second amended complaint, stating:

2

> At the same time Plaintiffs were drafting and preparing to file their Amended Complaint, they were busy collecting documents and supplementing their responses to the almost 300 document requests propounded by Artemis between April 27 and May 6, 2021. As part of the latter effort, and sometime after Plaintiffs filed their Amended Complaint, they identified a document in which Kate Lavender, Artemis' current CEO, sent a message to a third party accusing Plaintiffs of trying to offer unauthorized devices and of infringing Artemis' trademarks. Considering that Artemis has alleged that similar communications sent by Open Sea and Porras constitute defamation and tortious interference—such that Porras has now been added as a third-party Counterclaim Defendant—Plaintiffs promptly added Lavender as a party to their Second Amended Complaint. It should come as no surprise to Defendants that this would happen.

Doc. 62 at 3. They argue they "expeditiously" added the new defendants "as soon as it was feasible" and filed the second amended complaint "as soon as they could." Doc. 62 at 4. According to them, Artemis is the sluggish one, having moved to strike instead of moving to dismiss, "suggesting that [Artemis] intends to file a subsequent round of briefing." Doc. 62 at 4. They contend there is no prejudice because the defendants "have always been aware" of the new parties' roles in the controversy. Doc. 62 at 4.

"A request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1). "The motion must: (A) be in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought." Fed. R. Civ. P. 7(b)(1)(A)–(C). A motion must include a legal memorandum. Local Rule 3.01(a). Before moving for leave to add a party or amend a pleading, a party must confer with the opposing party. *See* Local Rule 3.01(g).

A party may amend its pleading once as a matter of course by certain deadlines. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."

3

Fed. R. Civ. P. 15(a)(2). A court must "freely" grant leave if "justice so requires." *Id*. Under that standard:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

A court must issue a scheduling order limiting the time to join other parties and amend the pleadings. Fed. R. Civ. P. 16(b)(1), (3)(A). The "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). If a party's motion to amend is filed after the deadline to join other parties or amend the pleadings, the party must show good cause why leave to amend should be granted. *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1366 (11th Cir. 2007).

The motion to strike is **denied** to the extent Artemis asks the Court to strike from the amended complaint the new defendant (Lumiere) and the new claim for relief (the claim under the Florida Deceptive and Unfair Trade Practices Act). The Court's June 7 statements, especially viewed with the liberal amendment standard in mind, can be fairly interpreted to permit adding a party or a claim or both. In its new pleading, Artemis itself adds a new claim for common law fraud in the inducement and fraudulent misrepresentation. *Compare* Doc. 20 ¶¶ 158–65 (claim in the original pleading under the Florida Deceptive and Unfair Trade Practices Act for misrepresentations and omissions), *with* Doc. 57 ¶¶ 173–80 (claim in the

amended pleading for common law fraud in the inducement and fraudulent misrepresentation).

The motion to strike is **granted** to the extent Artemis asks the Court to strike the second amended complaint in its entirety. Open Sea and Pro Design failed to file a motion and legal memorandum requesting leave to belatedly add the new party and the new claims. Open Sea and Pro Design failed to obtain consent from, or confer with, the opposing side before filing the second amended complaint. And Open Sea and Pro Design failed to show diligence or otherwise failed to show good cause for their delay, apparently having possessed the information for its new defendant and new claims before the deadline. The second amended complaint (Doc. 49) is stricken (but must remain accessible on CM/ECF), and the amended complaint (Doc. 46) is considered the operative pleading for Open Sea and Pro Design.

Artemis and Lumiere must respond to the amended complaint (Doc. 46) by **October 12, 2021**, if the parties fail to settle at the upcoming mediation or otherwise. The response is limited to the new defendant and the new claim for relief. Artemis cannot have two operative answers; if Artemis is answering the new claim, it must file an amended answer incorporating its previous answer (Doc. 57).

**Ordered** in Jacksonville, Florida, on September 17, 2021.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*