United States District Court
Middle District of Florida
Jacksonville Division

**OPEN SEA DISTRIBUTION CORP.
& PRO DESIGN PLUS SAS,**

    *Plaintiffs,*

v.                                                                                        NO. 3:20-cv-1440-TJC-PDB

**ARTEMIS DISTRIBUTION, LLC, ETC.,**

    *Defendants,*

---

**ARTEMIS DISTRIBUTION, LLC,**

    *Counterclaimant,*

v.

**OPEN SEA DISTRIBUTION CORP., &
PRO DESIGN PLUS SAS,**

    *Counter-defendants, &*

**NEIL PORRAS,**

    *Third-party defendant.*

---

## Order

    Pro Design Plus SAS moves to compel Simon Mansell to respond to discovery requests and to do so without asserting any objection. Doc. 65. Mansell does not respond to the motion. Another defendant—Artemis Distribution LLC—opposes the motion. Doc. 68.

In the original complaint filed on December 22, 2020, Pro Design and the other plaintiff—Open Sea Distribution Corporation—brought claims against Mansell and Artemis. *See* Doc. 1 ¶¶ 35–83. Mansell moved to dismiss the "action as to him," arguing the Court lacks jurisdiction over him and he is an improper party because of a corporate shield. Doc. 19. Pro Design and the other plaintiff opposed the motion, including by providing evidence to support jurisdiction over Mansell. Docs. 27, 27-1–27-4.

Artemis unilaterally filed a case management report on March 5, 2021, Doc. 18. Pro Design and the other plaintiff unilaterally filed a case management report on March 23, 2021. Doc. 28. Artemis served discovery requests at least as early as April 2021. Doc. 61 at 2. Artemis's discovery requests made then or shortly thereafter included 276 requests for production. Doc. 61 at 2, 4; Doc. 65 at 2, 6.

The Court entered a case management and scheduling order on May 13, 2021. Doc. 33. The order required the parties to exchange initial disclosures by June 1, 2021, and requires the parties to complete discovery by March 1, 2022. Doc. 33.

At a June 7, 2021, hearing and in a corresponding June 11, 2021, order, the Court granted Mansell's motion to dismiss without prejudice, giving Pro Design and the other plaintiff leave to amend their pleading to allege facts establishing jurisdiction over Mansell and to allege facts making plausible his individual liability. Docs. 43, 45.

In the amended complaint filed on June 28, 2021, Pro Design and the other plaintiff again bring claims against Mansell.* Doc. 46 ¶¶ 45–118. In discovery requests served the next day (the subject of the current motion), Pro Design asked Mansell for documents in eight categories, including documents pertaining to Mansell's contacts with Florida. Doc. 65 at 6–8.

Mansell again moved to dismiss the claims against him, this time only arguing the Court lacks jurisdiction over him. Doc. 55. That motion, filed on July 19, 2021, is pending. Doc. 55.

Mansell objected to the discovery requests the following month, on August 23, 2021, stating:

> Non-resident individual, Simon Mansell ("Mansell"), previously dismissed from this action without prejudice by the Court on June 11, 2021 (Doc. 45), by and through his undersigned counsel, objects and preserves all rights to object to Plaintiff/Counterclaim Open Sea Distribution's ("Open Sea") (1) First Set of Document Requests, (2) First Requests for Admission and (3) First Interrogatories to Simon Mansell until such time as the Court has determined that it has jurisdiction over him.

Doc. 68-1 at 1–2.

In response to the motion to compel, Artemis—not Mansell—makes two arguments. Its first argument is this: Mansell is not a party by virtue of the June 11 order; Pro Design requested discovery as if he was a party; therefore, he had no obligation to respond to the requests. Doc. 68 at 1–2. Artemis's second argument is this: Pro Design failed to request leave for jurisdictional discovery before responding to Mansell's first motion to dismiss or before filing the amended complaint; a plaintiff cannot pursue discovery of jurisdictional

---

*Pro Design and the other plaintiff filed a second amended complaint on July 7, 2021. Doc. 49. By separate order, the Court struck that pleading, determining the amended complaint is the operative complaint. *See* Doc. 73.

facts it should have possessed before suing; therefore, Pro Design's requests are untimely and improper. Doc. 68 at 2–3.

Discovery can begin after the parties complete their case management conference "or when authorized by [the Federal Rules of Civil Procedure], by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Although a plaintiff has the burden of establishing jurisdiction, a court should give the plaintiff an opportunity to discover facts supporting its allegations of jurisdiction. *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 (11th Cir. 1984).

If a party fails to respond to a motion, "the motion is subject to treatment as unopposed." Local Rule 3.01(c). "Absent compelling circumstances, failure to assert an objection to a request for production within the time allowed for responding constitutes a waiver and will preclude a party from asserting the objection in response to a motion to compel." Middle District Discovery, § III.A.6.

The Court **grants** the motion to compel for two independent reasons. First, because Mansell failed to respond to the motion to compel, the Court considers the motion unopposed. Second, contrary to Artemis's contention, Mansell is a party. He was named in the original complaint (Doc. 1), and he is named in the timely, permitted, amended complaint (Doc. 46). As a party, he must respond to discovery requests. Artemis's contention that the June 11 order made Mansell a non-party—even after the amended complaint—is unreasonable and, frankly, puzzling.

Through his objection, Mansell contends that he need not respond to discovery requests unless the Court determines it has jurisdiction over him. *See* Doc. 68-1 at 1. Responding to an argument that a party need not obey a

court order until jurisdiction over the party is established, the Supreme Court explained:

> A defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding. By submitting to the jurisdiction of the court for the limited purpose of challenging jurisdiction, the defendant agrees to abide by that court's determination on the issue of jurisdiction: That decision will be res judicata on that issue in any further proceedings. … [T]he manner in which the court determines whether it has personal jurisdiction may include a variety of legal rules and presumptions, as well as straightforward factfinding.

*Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706–07 (1982). Mansell's contention is inconsistent with his motion to dismiss, in which he asks this Court to determine it lacks jurisdiction over him. He can either accept default judgment or comply with procedural rules; he cannot both ask the Court to determine jurisdiction and refuse to comply with procedural rules.

The cases Artemis cites involve circumstances unlike those here. In *Thompson v. Carnival Corporation*, the plaintiff improperly requested discovery of jurisdictional facts by making the request in briefing as a proposed alternative to dismissal, and in any event discovery of jurisdictional facts was unnecessary because no genuine issue of material fact was present. 174 F. Supp. 3d 1327, 1332, 1338–39 (S.D. Fla. 2016). Similarly, in *Posner v. Essex Insurance Co.*, the plaintiffs' "only allusion to jurisdictional discovery was on the first page of their memorandum in opposition to the motion to dismiss filed seven and one-half months after the complaint and more than five months after the filing of the motion to dismiss; even then, [they] failed to specify what they thought could or should be discovered." 178 F.3d 1209, 1214 n.7 (11th Cir.

5

1999). Moreover, Pro Design's discovery requests seek facts that go beyond jurisdictional facts.

By **October 4, 2021**, Mansell must (1) respond to the discovery without objection; and (2) show cause why the Court should not sanction him under Federal Rule of Civil Procedure 37(a)(5)(A). Alternatively, by the same date, he may withdraw his pending motion to dismiss (Doc. 55) and notify the Court that he accepts default and default judgment against him, subject to challenging that judgment on jurisdictional grounds in a collateral proceeding.

**Ordered** in Jacksonville, Florida, on September 20, 2021.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*