United States District Court
Middle District of Florida
Jacksonville Division

**OPEN SEA DISTRIBUTION CORP.
& PRO DESIGN PLUS SAS,**

      *Plaintiffs,*

v.                                **NO. 3:20-cv-1440-TJC-PDB**

**ARTEMIS DISTRIBUTION, LLC, ETC.,**

      *Defendants,*

_____

**ARTEMIS DISTRIBUTION, LLC,**

      *Counterclaimant,*

v.

**OPEN SEA DISTRIBUTION CORP., &
PRO DESIGN PLUS SAS,**

      *Counter-defendants, &*

**NEIL PORRAS,**

      *Third-party defendant.*

_____

# Order

      Pro Design Plus SAS moves to compel Lumiere SRL to respond to discovery requests. Doc. 86. Pro Design states Lumiere objected to the requests on September 28, 2021, declining to respond because it had not been served with process. Doc. 86 at 7; *see also* Doc. 86-2 (Lumiere's objections to discovery requests); Doc. 82-6 (emails). Pro Design argues Lumiere waived service of

process by answering the amended complaint on October 12, 2021, *see* Doc. 82. Doc. 86 at 12.

Lumiere contends Pro Design failed to confer in good faith. Doc. 87. Lumiere asserts Pro Design first contacted Lumiere's counsel about the substance of the discovery responses on October 12, at which point Lumiere's counsel advised he "had not recently reviewed Lumiere's discovery responses or Lumiere's October 12 submission[*] and agreed to review the same and come back to counsel to discuss any concerns." Doc. 87 at 5. With no further contact from Pro Design's counsel, Pro Design filed the motion to compel three days later. Doc. 87 at 5. Lumiere states it will respond to the requests and Pro Design "could have been advised as such through simple conferral versus motion." Doc. 87 at 6.

"On notice to other parties and all affected persons, a party may move for an order compelling … discovery." Fed. R. Civ. P. 37(a)(1). "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make … discovery in an effort to obtain it without court action." *Id.* More generally, "Before filing a motion in a civil action … the movant must confer with the opposing party in a good faith effort to resolve the motion." Local Rule 3.01(g)(1).

"Confer" means "a substantive discussion." Middle District Discovery (2021) at Section I.A.2. "Many potential discovery disputes are resolved (or the differences narrowed or clarified) when counsel confer in good faith." *Id.* The requirement to confer "is strictly enforced." *Id.* "A motion that does not comply with the rule may be summarily denied." *Id.*

---

*The nature of the "October 12 submission" is unclear, but Lumiere may be referring to its answer, filed on that day.

If a motion to compel is denied, "the court … must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party … who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees" unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B).

Considering the circumstances described by Lumiere, the Court **denies** the motion, Doc. 86, as moot. By **November 15, 2021**, Pro Design must show cause why the Court should not require Pro Design to pay Lumiere its reasonable expenses incurred in opposing the motion to compel.

**Ordered** in Jacksonville, Florida, on November 1, 2021.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

3