# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

OPEN SEAS DISTRIBUTION CORP. and PRO DESIGN PLUS SAS,

    Plaintiffs,

v.                                  Case No. 3:20-cv-1440-TJC-PDB

ARTEMIS DISTRIBUTION, LLC, a New York Company, SIMON MANSELL, an individual, LUMIERE SRL, an Italian Company,

    Defendants

_____

ARTEMIS DISTRIBUTION, LLC, a New York Company,

    Counterclaim Plaintiff

v.

OPEN SEAS DISTRIBUTION CORP. and PRO DESIGN PLUS SAS,

    Counterclaim Defendants
and

NEIL PORRAS
    Third Party Defendant

_____

**O R D E R**

This case is before the Court on Defendant Simon Mansell's Motion to Dismiss for Lack of Personal Jurisdiction. Doc. 55. Plaintiff Pro Design Plus SAS has filed a Response. Doc. 63. Defendant Lumiere SRL has also filed a Response, as ordered by the Court. Doc. 82. Plaintiffs Open Seas Distribution Corporation [1] and Pro Design Plus SAS (collectively, "Pro Design" or "Plaintiffs") have also filed a Motion to Dismiss Defendants' Amended Counterclaim and Third-Party Complaint, Doc. 64, to which Artemis Distribution, LLC has filed a Response, Doc. 70. The parties have also filed a Joint Motion for Extension of Trial Date and Related Case Management Dates. Doc. 106.

## I.   BACKGROUND

This case is the result of a falling-out over the trademark and distribution rights to Cryoskin, a cosmetic procedure machine. [2] Both Plaintiffs and Defendants claim the right to market, sell, and distribute Cryoskin devices in the U.S., and have their own respective trademarks or trademark applications, and websites.

Plaintiffs are Open Seas Distribution, an American corporation located in

---

[1] Alternatively called "Open Sea" and "Open Seas" in the parties' filings.

[2] The parties differ in their stylization of the technology's name, calling it either CryoSkin or CRYOSKIN.

St. Augustine, Florida, and Pro Design Plus LLC, a French entity. Doc. 46 ¶¶ 7–8. They allege that Pro Design owns the Cryoskin brand name and that as of November 4, 2020, Open Seas is its authorized Cryoskin dealer. Id. ¶ 34. According to Pro Design, the "CRYOSKIN mark is used on and in connection with non-invasive equipment that is used as a cold massager which helps to eliminate fat, reduce the appearance of fine lines and wrinkles, and tighten the skin." Id. ¶ 20. Defendant Artemis contracted with Pro Design for the right to purchase and distribute Cryoskin machines from April 18, 2018 through December 4, 2018 (the "2018 Supply/Distribution Agreement"). Id. ¶¶ 28–30. Pro Design's Amended Complaint alleges that Artemis continued to distribute Cryoskin products after December 4, 2018, in violation of Pro Design's trademark rights. Id. ¶¶ 30, 34–35. Artemis has also filed trademark applications that compete with Pro Design's, and petitioned to cancel Pro Design's registration before the U.S. Trademark Trial & Appeal Board. Id. ¶¶ 37–40. Artemis owner and co-defendant Simon Mansell, according to Plaintiffs, directed the infringement and is also "a key principal in Lumiere, which is a manufacturing company in Italy" that makes devices under the Cryoskin name. Id. ¶¶ 32–33. The Amended Complaint alleges trademark infringement, unfair competition, violations of Florida common law and a violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). Id. Mansell, a resident of California who has never visited Florida on official business, has filed a

3

Motion to Dismiss Plaintiffs' Complaint for lack of personal jurisdiction. Doc. 55.

Lumiere SRL, an Italian entity, argues that it has not been served by means authorized by the Hague Convention in accordance with Rule 4(f) of the Federal Rules of Civil Procedure, and so it should not have to respond to Plaintiffs' Complaint. Doc. 82 at 2. Further, it argues, there is not jurisdiction over Lumiere in the Middle District of Florida, as it has no contacts with the forum.[3] Id. at 3. In the interest of complying with the Court's directives and not impeding the case, however, Lumiere filed an Answer to the Amended Complaint. Id. at 4.

Artemis filed an Amended Answer, Affirmative Defenses, Counterclaims, and Third-Party Complaint ("Counterclaim") in response to the Amended Complaint. Doc. 57. The Counterclaim introduces a third-party defendant, Neil Porras, "the President and Chief Executive Officer" of Open Seas. Id. ¶ 5.[4] The eleven-count Counterclaim alleges that Artemis "is the senior user of multiple marks directed to the term 'Cryoskin,'" and has been using the term since 2017.

---

[3] Lumiere's counsel informed Plaintiffs' counsel that "Lumiere is not involved in the manufacture of any devices sold by Artemis. It is a payment remittance structure for issuing payments to Artemis' Italian based manufacturer." Doc. 82-1.

[4] The paragraph citations to Artemis' Counterclaim refer to the paragraph numbers in its Counterclaim, which begins at page 18 of its Answer, Affirmative Defenses, Counterclaim, and Third-Party Complaint. Doc. 57.

Id. ¶ 19. It alleges that in 2017, "Pro Design presented itself as the innovator and original manufacturer of the devices." Id. ¶ 51. Artemis alleges that it learned that the company Pro Design presented as the "contract manufacturer" of the Cryoskin machines, an Italian entity called Elettronica Pagani SRL, was in fact their actual designer and distributor. Id. ¶ 72. Artemis alleges, "on information and belief," that "Pro Design currently sells counterfeit/knock-off devices," and that it "has been doing so in concert with Open Sea since November of 2020." Id. ¶ 75. The Counterclaim alleges that Pro Design created a website "copying the overall impression, look and feel of Artemis' website" in November 2020. Id. ¶ 98. It also alleges that Porras has communicated "false disparaging statements" via his social media accounts and by contacting Artemis' customers. Id. ¶ 127. Pro Design and Porras moved to dismiss Counts I, II, V, VI, VII, VIII, X, and XI (i.e. eight of eleven counts) of the Counterclaim. Doc. 64.

## II. DISCUSSION

### A. Jurisdiction over Lumiere SLR

Plaintiffs allege that Lumiere SRL is an Italian corporation "owned by Defendant Artemis and/or Mansell." Doc. 46 ¶¶ 5, 11. As a foreign corporation, Lumiere must be served in a manner comporting with Rule 4 of the Federal Rules of Civil Procedure. Pro Design has filed neither proof of service nor a waiver of service from Lumiere, and so the Court can only conclude that

5

Lumiere has not yet been served. Doc. 82 at 2. Before the Court will address personal jurisdiction over Lumiere, Pro Design shall inform the Court as to the status of service of process.

### B.     Motion to Dismiss Defendant Mansell

Mansell has moved to dismiss the Amended Complaint for lack of personal jurisdiction. Doc. 55. "A plaintiff seeking to establish personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1350 (11th Cir. 2013). The Court accepts allegations in a complaint "to the extent they are uncontroverted by the defendant's affidavits."[5] Snow v. DirecTV, Inc., 450 F.3d 1314, 1317 (11th Cir. 2006) (citation omitted). Mansell has submitted two affidavits, the facts of which do not materially contradict Pro Design's allegations of control over Artemis and its marketing. Docs. 55-1; 85-1.

Florida's long-arm statute extends jurisdiction over any individual "[c]ommitting a tortious act within this state." FLA. STAT. § 48.193(1)(a)(2). Tortious acts include Lanham Act and trademark violations. See Louis Vuitton,

---

[5] When the facts are in dispute, the Court "should hold a limited evidentiary hearing on the issue of jurisdiction." Tommy Bahama Grp., Inc. v. Eagle, No. 3:09-CV-641-J-32JRK, 2010 WL 3340538 at *2 (M.D. Fla. Aug. 23, 2010). Here, no facts are in dispute, and so an evidentiary hearing is not necessary.

736 F.3d at 1354; Licciardello v. Lovelady, 544 F.3d 1280 (11th Cir. 2008). "The Due Process Clause requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction not offend traditional notions of fair play and substantial justice." Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd, 722 F. App'x 870, 879 (11th Cir. 2018) (citations and quotation marks omitted). Based on the allegations and affidavits before the Court, Plaintiffs have sufficiently pled personal jurisdiction as required under the long-arm statute and due process.

### C. Motion to Dismiss Artemis' Counterclaim

Counterclaim Defendants and Third-Party Defendant Neil Porras have moved to dismiss eight of the eleven counts in Artemis' Counterclaim. Doc. 64. In evaluating a motion to dismiss, Court will assume true any non-conclusory factual allegations, Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009), and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Artemis has sufficiently pled all the required elements of each of its counts, including that its contract with Pro Design was fraudulently induced, that it has suffered actual damages under the Florida Deceptive and Unfair Trade Practices Act, and that it experienced both defamation and tortious interference. The Court uses its discretion to retain jurisdiction over Artemis'

7

declaratory judgment claims. See MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 136 (2007).

Accordingly, it is hereby

**ORDERED:**

1. Plaintiffs Open Seas Distribution Corporation and Pro Design SAS shall provide a status update regarding service of process and arguments regarding the Court's personal jurisdiction over Lumiere SRL no later than **April 21, 2022**. Lumiere SRL may file any appropriate response no later than **May 9, 2022**. Plaintiffs may reply no later than **May 23, 2022**.

2. Defendant Simon Mansell's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 55) is **DENIED**.

3. Plaintiffs Open Seas Distribution Corporation and Pro Design Plus SAS's Motion to Dismiss Defendants' Amended Counterclaim and Third-Party Complaint (Doc. 64) is **DENIED**.

4. Defendants Artemis Distribution LLC and Simon Mansell shall file a consolidated Answer, Affirmative Defenses, Counterclaim and Third-Party Complaint no later than **April 21, 2022**.

5. Counterclaim Defendants and Third-Party Defendant Neil Porras shall **ANSWER** the Consolidated Counterclaim and Third-Party Complaint no later than **May 12, 2022**.

6. The Joint Motion for Extension of Trial Date and Related Case Management Dates (Doc. 106) is **GRANTED** to the extent that applicable deadlines and dates will be extended. The deadline for fact discovery is **June 24, 2022**. The deadline for expert discovery and filing motions to compel expert discovery is now **September 16, 2022**. The Court will enter a Second Amended Case Management and Scheduling Order setting the case for the Trial Term beginning **March 6, 2023**.

**DONE AND ORDERED** in Jacksonville, Florida the 31st day of March, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

agb
Copies:

Counsel of record