United States District Court
Middle District of Florida
Jacksonville Division

**OPEN SEA DISTRIBUTION CORP.
& PRO DESIGN PLUS SAS,**

    *Plaintiffs,*

v.                                                          NO. 3:20-cv-1440-TJC-PDB

**ARTEMIS DISTRIBUTION, LLC, ETC.,**

    *Defendants,*

---

**ARTEMIS DISTRIBUTION, LLC,**

    *Counterclaimant,*

v.

**OPEN SEA DISTRIBUTION CORP., &
PRO DESIGN PLUS SAS,**

    *Counter-defendants, &*

**NEIL PORRAS,**

    *Third-party defendant.*

---

# Order

    Without opposition, the plaintiffs and the third-party defendant seek leave to file under seal exhibit B to their motion to disqualify counsel. Doc. 157; *see* Doc. 150 (motion to disqualify). They have filed a redacted version of the exhibit. *See* Doc. 150-2. They explain the exhibit contains confidential and

commercially sensitive information. Doc. 157 at 3. They do not propose a duration of the seal. *See generally* Doc. 157.

In determining whether a paper should be sealed, a court's discretion is guided by the presumption of public access. *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013). To decide if the presumption applies, a court distinguishes documents that "may properly be considered public or judicial records" from "those that may not; the media and public presumptively have access to the former, but not to the latter." *Id.* The presumption applies to any paper attached to a document that invokes judicial resolution on the merits. *F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 63−64 (11th Cir. 2013).

The presumption is not absolute; the Court must consider the nature and character of the information and weigh the public's right of access against a party's interest in confidentiality. *Perez-Guerrero*, 717 F.3d at 1235. The weighing depends on the facts and circumstances. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978). Factors may include whether allowing public access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if the documents are made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less restrictive alternative to sealing. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

Local Rule 1.11(a) adds, "Because constitutional law and common law afford the public a qualified right of access to an item filed in connection with the adjudication of a claim or defense, sealing is unavailable absent a compelling justification. Sealing is not authorized by a confidentiality

agreement, a protective order, a designation of confidentiality, or a stipulation."

Here, the plaintiffs and the third-party defendant have rebutted any presumption of public access with a compelling justification for sealing, as stated in the motion. Moreover, the unredacted parts of the exhibit provide the public enough information to understand any judicial determinations made based on the exhibit. And the motion relying on the exhibit is on the public docket to enable the public to understand the arguments. *See* Doc. 150.

The Court thus **grants** the motion, Doc. 157; **directs** the plaintiffs and the third-party defendant to file the exhibit under seal; and **directs** the clerk to file the exhibit under seal until the close of the case or any appeal, whichever is later, or upon an order directing unsealing.

Nothing in this order should be construed to mean the information constitutes a "trade secret" as that term is defined by statute. And this order does not limit the information that may be used at trial.

**Ordered** in Jacksonville, Florida, on August 25, 2022.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*