## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

OPEN SEA DISTRIBUTION CORP.
and PRO DESIGN PLUS SAS,

       Plaintiffs,

v.                               Case No. 3:20-cv-1440-TJC-PDB

ARTEMIS DISTRIBUTION, LLC,
SIMON MANSELL and LUMIERE SRL,

       Defendants.

_____

ARTEMIS DISTRIBUTION, INC.,

       Third-Party Plaintiff
       and Counterclaimant,

v.

OPEN SEA DISTRIBUTION
CORP., PRO DESIGN PLUS SAS,

       Counter-defendants, and

NEIL PORRAS,

       Third-Party Defendant.

_____

## O R D E R

After more than three years of highly contentious litigation in this trademark infringement suit which includes federal and state claims, counterclaims and third-party claims, the parties attended a nine-hour

settlement conference on February 12, 2024 with the Honorable Patricia D. Barksdale, United States Magistrate Judge. Although Judge Barksdale announced (and the Court's minute entry (Doc. 264) reflects) that the parties had settled, and all those in attendance apparently believed they had struck a deal as to all material terms, when it came time to put that agreement in writing, they faltered. In the meantime, and consistent with the undersigned's customary practice, once the settlement had been announced, the Court entered an order giving the parties a deadline of April 12, 2024 to file dismissal papers. Doc. 265. That order advised the parties that if they did not file settlement pleadings or a request for more time by the April 12 deadline, the case would "automatically be deemed to be dismissed without prejudice." Id. at 2. As is its custom, the Court directed the Clerk to close the file at that time, subject to reopening if the parties filed papers by the deadline. Id. The order also included this warning, in bold face type:

> **The parties are cautioned that in some cases, the Court may not have jurisdiction to enforce settlement agreements once the case has been dismissed without prejudice; thus, if the parties have not finalized their settlement by the deadline, they are encouraged to move for an extension of that deadline.**

Id.

The April 12, 2024 deadline came and went without further word from the parties and the Court considered the case to be dismissed without prejudice

2

as of that date.   Then, in July 2024, Judge Barksdale advised that the parties were still finalizing their written settlement agreement but needed more time. On July 11, 2024 the Court <u>sua</u> <u>sponte</u> extended the April 12, 2024 deadline to July 31, 2024, doing so <u>nunc</u> <u>pro</u> <u>tunc</u> to April 11, 2024.   <u>See</u> endorsed order, Doc. 266.   No party objected at the time or thereafter to the extension of the dismissal deadline.   Again, however, the new July 31, 2024 deadline came and went without further word from the parties and the Court considered the case to be dismissed without prejudice as of that date.

Over a month later, on September 19, 2024, plaintiffs[1] filed a motion to enforce the settlement agreement, contending that defendants were refusing to comply with the material terms reached at the February 12, 2024 settlement conference and were demanding new terms before signing any written agreement.   Doc. 267/sealed Doc. 273.   Defendants responded, arguing that because the case had been dismissed, the Court no longer had subject matter jurisdiction so could not consider plaintiffs' motion to enforce the settlement agreement and that, even if it could, the motion was due to be denied because

---

[1] In this order, "plaintiffs" is a reference to plaintiffs/counter-defendants Open Sea Distribution Corp., and Pro Design Plus Sas, and third-party defendant and counterclaim defendant Neil Porras.   "Defendants" is a reference to defendant/counter-claimant/third-party plaintiff Artemis Distribution, LLC and defendant Simon Mansell.   Defendant Lumiere SRL's status in the case was unresolved at the time the parties engaged in settlement negotiations (<u>see</u> Doc. 261) and it is unclear whether it was a participant in the settlement discussions.

3

there had been no meeting of the minds as to the material terms. Doc. 269/sealed Doc. 272. Plaintiffs filed a reply (Doc. 276/sealed Doc. 277) and the Court held a hearing on the motion on May 15, 2025, the transcript of which (Doc. 285) is incorporated by reference. At the hearing, the parties agreed to engage in further efforts to settle the dispute and spent the following several months negotiating with the assistance of mediator Buddy Schulz. Unfortunately, the parties impassed (Doc. 286) and it is now time for the Court to rule.

Although the Court is loathe to reach this result after so much effort was spent litigating and then trying to settle the matter, this case was dismissed without prejudice likely on April 12, 2024 and certainly by July 31, 2024.[2] At no time was the Court ever presented with a request to retain jurisdiction to enforce the settlement agreement and it therefore never agreed to do so. The Court determines it lacks subject matter jurisdiction to entertain plaintiffs' motion to enforce the settlement agreement. See Kokkonen v. Guardian Life Ins. Co. of Amer., 511 U.S. 375 (1994) (explaining that unless the Court has retained jurisdiction over a settlement contract (as opposed to merely being aware and approving of it), the enforcement of such a contract is for state courts

---

[2] For purposes of this order, the Court need not decide whether it had authority to extend the April 12, 2024 date once it had passed.

unless there is an independent basis for federal jurisdiction).[3]

As discussed at the hearing, this does not mean that the matter necessarily just goes away.   Plaintiffs may file a new lawsuit (either in state or federal court as appropriate) related to the failed settlement agreement, plaintiffs may also determine to refile their underlying lawsuit and/or defendants may wish to refile their counterclaim and third-party claim.   The outcomes of any of those suits would then be subject to appeal.   If any of that comes to pass, the parties may find their failure to settle this when they had the chance has done little more than delay a final resolution to this age-old business dispute and rack up additional attorney's fees for all parties.   The Court encourages them to resolve this some other way.

---

[3] Plaintiffs contend the federal court has diversity jurisdiction to entertain such a suit.   That may (or may not) be so but that does not create a basis to consider the motion to enforce as part of this lawsuit.   In Kokkonen itself, the underlying suit was in federal court on diversity jurisdiction.   511 U.S. at 376.   Yet as the Supreme Court there explained, the facts underlying the original lawsuit for breach of an agency agreement and those underlying a claim for breach of a settlement agreement were different.   Id. at 380.   So too here, where the facts supporting claims for federal trademark infringement, counterfeiting, false design, unfair competition, etc. are different from facts supporting a breach of settlement agreement, which, in this case, would likely involve the very lawyers representing these parties becoming witnesses as to the events which unfolded at the February 2024 settlement conference and in the period thereafter as the parties attempted to reduce their agreement to writing.

Accordingly, it is hereby

**ORDERED**:

1.      Plaintiffs' Motion to Enforce Settlement Agreement (Doc. 267/sealed Doc. 273) is **denied without prejudice** as the Court no longer has subject matter jurisdiction to entertain the motion.   This file remains closed.

2.      The Court extends its appreciation to Judge Barksdale and Buddy Schulz for their herculean efforts to settle this case.

**DONE AND ORDERED** in Jacksonville, Florida this 6th day of March, 2026.



TIMOTHY J. CORRIGAN
Senior United States District Judge

s.
Copies:

Honorable Patricia D. Barksdale
United States Magistrate Judge

Counsel of record
George Schulz, Jr., Esq. (Mediator)

6